## Williams, et al. v. Eitel, et al.

(Decided May 29, 1925.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Easements—Purchasers of Lots in Subdivisions Not Entitled to Egress and Ingress Other Than by Street Provided in Plat.— Where owner of farm with winding roadway for egress and ingress platted subdivision providing for street 60 feet wide, which was recognized and improved by city, purchasers of lots, some of which included portions of roadway, held entitled to egress and

ingress by street only, and not by roadway, notwithstanding they and former owner continued using latter for long time, such use being merely permissive.

ALLEN P. DODD and WILLIAM F. CLARKE for appellants.

FRED FORCHT, H. W. BATSON and BEN F. WASHER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellants, who were plaintiffs below, were unsuccessful in their efforts to require the appellees to remove certain earth which they had placed in an alleged roadway. Many years ago, Mrs. Harriett Bonnycastle owned a farm adjoining what is now Cherokee Park in Louisville, Kentucky. She lived on this farm, and reached her residence by a winding roadway which ran like a cowpath from her residence in a westerly direction. About the year of 1905 she conceived the idea of subdividing her farm into residence lots, and procured the services of some landscape gardeners who made a subdivision of it. When she subdivided her farm, she necessarily abandoned the crooked way that had provided access to her residence from the highway, and laid off a straight avenue sixty feet wide, which she named Everett avenue, into which intersecting streets were opened at right angles, the whole conforming to the general scheme of streets in the city of Louisville.

Plaintiffs became the owners of lot number twelve in block number four, which lot fronts fifty feet on Maryland avenue and extends back two hundred feet with the line of Everett avenue. All of this subdivision has now become a part of the city of Louisville, and the city has undertaken to improve Murray avenue. In making these improvements on Murray avenue the city changed the grade of that street, lowering it about four or five feet. As the front of the lots owned by appellees was low, they arranged with the contractor who was doing this work on Murray avenue to fill the front of their lots.

When this subdivision was first made these streets showed more clearly on the plat than they did on the ground, and the various parties who bought lots all contemplated that sooner or later the city would build these streets according to some general system or plan, and

therefore, these lot owners were not disposed to make any improvements upon the streets shown by the plat. This old winding roadway by which Mrs. Bonnycastle had reached her residence for years, was used by these lot owners as a means of ingress and egress to their property, and for their own convenience they had some repairs made upon it, so as to make it passable, although but a small portion of it lay within Everett avenue, which was to eventually become their outlet, and a large part of it crossed and occupied parts of lots which Mrs. Bonnycastle had sold for residential purposes. In fact, this earth, which the appellees had placed on the front of their lots, filled this old winding road because it happened to run across the front of their lots, and the appellants brought this suit to require that this earth be removed.

The city of Louisville has recognized Everett avenue as located by Mrs. Bonnycastle in her plat of this subdivision. It has constructed a sewer down the center of Everett avenue; has placed fire hydrants on the west side thereof and has erected poles by means of which it has hung electric lights above it. Admitting that Mrs. Bonnycastle did use this old winding road for years, and admitting that some parties owning lots in this subdivision had used it since the subdivision was made, the stubborn fact remains that Mrs. Bonnycastle in her plat and subdivision utterly ignored the old cowpath and established Everett avenue in lieu thereof. All parties to this record, as well as other people who became owners of lots in this subdivision, purchased their property by reference to the subdivision and to the streets as dedicated in the subdivision, and with knowledge of their location. They went into the matter with their eyes open. They purchased their property and received deeds therefor, in which their property is described by reference to this plat, upon which they must depend to establish the location of their respective properties, and the lines thereof. Having done this, they are bound by the plat. In fact, the appellants would be unable to reach the old cowpath except by traveling along Everett avenue. Their property does not touch the old road anywhere.

After Mrs. Bonnycastle made this subdivision and sold to appellees the property they now own, across which this old roadway ran, her use of this roadway across the property of appellees was purely permissive,

and if appellants used it, their use was permissive. The appellees could at any time withdraw their permission for the use of it, and by putting this earth in the road, they have withdrawn it. This case impresses us as a neighborhood quarrel, which the trial court settled properly, and its judgment is affirmed.